

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

April 19, 1947

Honorable John H. Winters          Opinion No. V-152
Executive Director
Department of Public Welfare      Re:  Enforcement of
Austin 3, Texas                        Article 701-a,
                                       Vernon's Texas
                                       Penal Code.

Dear Sir:

        In answering your question as to whether
Article 701 a of the Texas Penal Code is enforceable,
inasmuch as the department referred to in this stat-
ute is the State Board of Health rather than the Divi-
sion of Child Welfare of the State Department of Pub-
lic Welfare which has the responsibility under the
present law of making the inspections and granting
the licenses, it is necessary for us to review the
history of this Article and determine the intent of
the Legislature.

        In 1929, the 41st Legislature, during its
Regular Session, enacted House Bill No. 474, Page 444,
Chapter 204 of the General and Special Laws. General-
ly, this was an Act requiring those who operate agen-
cies for the care or custody of children, either for
charity or revenue, to obtain a license, without fee,
from the State Board of Health. The Board was required
to visit and inspect all such places, and to ascertain
if the same were lawfully conducted. Those licensed
were also required to keep certain records concerning
the placement of children, and to make the necessary
reports to the Board of Health on such placements.

        The State Board of Health, or any person auth-
orized by the Board could visit the home where a child
had been placed by an agency, and was to determine whe-
ther such child was being properly cared for. If neces-
sary, the Board was required to see that a complaint
was filed in the proper juvenile court against the cus-
todian of the child.

        Section 7 of this bill, the section that we
are concerned with here, provided as follows:

"Section 7. Any person, association
or corporation, who shall attempt to operate
without a license as herein provided, or who
shall violate any of the provisions of this
Act, shall be deemed guilty of a misdemeanor,
and upon conviction thereof shall be punished
by imprisonment in the county jail not more
than 30 days or by a fine of not less than
$25.00 nor more than $500.00, and if operat-
ing under a license, such license may be re-
voked by the State Board of Health." (Emphasis
supplied)

This Section 7 was placed in the Penal Code as
Article 701-a V.P.C.

Section 7 gives the State Board of Health the
right to revoke the license issued by the Board under Sec-
tion 1 of the Act, if any provision of the enactment had
been violated by the licensee. It also provided that
anyone who violated any provision of the act shall be
deemed guilty of a misdemeanor, and shall be punished by
imprisonment or certain fines.

The State Board of Health administered this law
until 1931. At that time, Senate Bill No. 375 was enact-
ed by the 42nd Legislature, page 323, chapter 194, of the
General Laws, Regular Session. This act created a Divi-
sion of Child Welfare in the Board of Control, and among
other things, transferred the licensing, visiting and in-
spection of all agencies required of the State Board of
Health to the Division of Child Welfare of the State Board
of Control.

Section 8, the transferring section of the above-
mentioned bill, is quoted as follows:

"Section 8. The licensing, visiting and
inspection of all agencies required under Chap-
ter 204, Page 444 of the General and Special
Laws of the Regular Session of the 41st Legis-
lature, 1929, now required by the State Board
of Health, shall be and is hereby transferred
to and made a part of the duties of the Divi-
sion of Child Welfare of the State Board of
Control."

What did the 42nd Legislature intend to include
in the transfer above? We are of the opinion that where

they included the licensing as required by Section 1
of the Act of 1929, that they most certainly included
the authority to revoke such a license as required by
Section 7 of the same enactment. The transfer to the
State Board of Control from the State Board of Health
of the licensing, visiting and inspection of all agen-
cies was an outright transfer of all the functions
contained in the original House Bill 474 from one State
agency to the other.

In 1939, the 46th Legislature, in regular
session, enacted Senate Bill No. 36, page 544, chapter
1, of the General Laws. Section 9 of this bill trans-
ferred all rights, powers and duties heretofore con-
ferred by law upon the Division of Child Welfare of
the Board of Control to the State Department of Public
Welfare.

We quote Section 9 of this Act:

"Section 9. a. All of the rights,
powers, and duties heretofore conferred
by law on the Division of Child Welfare
of the Board of Control, when not other-
wise in conflict with any of the provi-
sions of this Act, are hereby continued
in full force and effect, and are hereby
transferred to, and conferred upon, the
State Department of Public Welfare as
created by this Act, and shall be held,
exercised, and performed by the State De-
partment under the provisions of this Act
and the several Acts now in force, and
any amendment or amendments thereto which
might be made. To effectuate this purpose
the Division of Child Welfare, records,
and physical properties are transferred
to the State Department and placed under
its supervision, and the Division of Child
Welfare of the State Board of Control is
hereby abolished."

It is clear that the Legislature intended
here to transfer everything that had been previously
transferred to the Board of Control. We have found that
all the functions of the State Board of Health were in
the Board of Control, including the function of revoking
the license as provided in Section 7 of the original Act.
It necessarily follows that such function is clearly in

the new agency, the Division of Child Welfare of the State Department of Public Welfare by reason of Section 9 above.

In 1945, the 49th Legislature, in regular session, enacted House Bill No. 635, page 297, chapter 215. This was the third and last transfer of the functions that were originally given to the State Board of Health.

The reason given by the Legislature for this third transfer was that the transfer from State Board of Control to State Department of Public Welfare did not clearly indicate that the functions of the State Board of Control applicable to the Division of Child Welfare were also to be transferred.

We quote a part of Section 1 of this Act:

"Section 1. All of the functions and duties which were designated as being the responsibility of the State Board of Control and/or the Division of Child Welfare of the State Board of Control as expressed in Chapter 194, Page 323, Acts of the Forty-Second Legislature, Regular Session, 1931, being Article 695A of Vernon's Texas Civil Statutes, including Article 606a, Sections 6 and 7, of Vernon's Texas Penal Code, and the duties and functions of the State Health Department as described in Chapter 204, Page 444, of the General and Special Laws of the Regular Session of the Forty-First Legislature, 1929, and being Article 4442A of Vernon's Texas Civil Statutes are hereby transferred to the State Department of Public Welfare . . ."

The 49th Legislature, in this "curative" transfer, removes any doubt that all the functions and duties of the State Board of Health, contained in House Bill 474, Page 444, Chapter 204, 41st Legislature, Regular Session, are transferred to the Child Welfare Division of the Depart of Public Welfare.

We conclude here with a review of the three transferring statutes. The first speaks of a transfer of the licensing, visiting and inspection of all agencies, citing the original bill, in short a transfer of the administrative duties under the Act. The second enactment

transfers "all rights, powers, and duties heretofore conferred by law. . ." This includes everything that was transferred in the first transfer. The third transfer again sets out the original House Bills, and transfers all the functions and duties under these bills to the State Department of Public Welfare, including those of Section 7, the section here in question.

We are of the opinion that the authority contained in Article 701a of the Texas Penal Code passed to the Department of Public Welfare as Section 7 of the original House Bill. The fact that Section 7 was placed in the Texas Penal Code as Article 701a, did not affect its inclusion in the three transfers considered.

## SUMMARY

Article 701-a of V.P.C. is enforceable as a penal statute. The department of Public Welfare is invested with the power to revoke a license granted to operate child nurseries, upon the conviction of a licensee under this Article.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Charles P. Atkinson

Charles P. Atkinson
Assistant

CPA:JMc:t;djm

APPROVED APRIL 22, 1947

ATTORNEY GENERAL